NORMAN CYBART *et al.*, Plaintiffs-Appellants, *v.* MICHAEL REESE HOSPITAL AND MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (4th Division)  No. 76-1052

Opinion filed June 30, 1977.—Rehearing denied July 28, 1977.

412

Sherwin & Sherwin, of Chicago, for appellants.

French & Rogers, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. At the close of all the evidence in the trial court, the trial judge allowed a motion by the defendants for a directed verdict of not guilty. This is an appeal from that order.

There are two issues presented for review: (1) whether or not the trial court erred in granting the motion for a directed verdict; and (2) whether or not the coroner was without legal authority to order an autopsy.

The facts of the case are, one Wanda Cybart was admitted as a patient at Michael Reese Hospital and Medical Center. She was suffering from Hodgkin's disease, a form of cancer. On April 24, 1970, she died. An autopsy was performed at the direction of the coroner of Cook County. When the brother and sister of the deceased spoke to the undertaker, they were informed of the fact an autopsy had been performed. This suit was instituted on the ground there was no authority for the defendants to

perform an autopsy, and for damages for the mental anguish her brother and sister allegedly suffered when they learned of the autopsy. At the end of plaintiffs' case, the trial court directed a verdict for the defendants.

Section 10.2 of "An Act to revise the law in relation to coroners" (Ill. Rev. Stat. 1969, ch. 31, par. 10.2) (the Act) provides:

> "Where a death has occurred and the circumstances concerning the death are suspicious, obscure, mysterious, and in the opinion of the examining physician and the coroner the cause of death cannot be established definitely except by autopsy, it is declared that the public interest requires that an autopsy be performed, and it shall be the duty and responsibility of the coroner to cause an autopsy to be performed."

■■ In the instant case, no physician was willing to sign a death certificate stating the cause of death before an autopsy was performed. Under section 10.4 of the Act (Ill. Rev. Stat. 1969, ch. 31, par. 10.4), the coroner must have a cause of death in order to issue the death certificate, which is required by law. It was the duty of the coroner to order an autopsy, and it was the duty of the hospital and its staff under section 10.1 of the Act (Ill. Rev. Stat. 1969, ch. 31, par. 10.1) to perform the autopsy and certify the cause of death to the coroner.

■■ On oral argument, the attorney for the plaintiffs admitted he could not, and did not, prove any compensatory damages for the plaintiffs. Neither the brother nor the sister had sought medical treatment for emotional distress. He also admitted there was no inherent value to the cadaver. Where there is no proof of damages for a compensatory count, it is an exercise in illogic to assume there is any way for the court to approve punitive damages. In order for there to be punitive damages awarded in any case, the plaintiff must plead and prove willful and wanton conduct on the part of the defendant. This was not proven in the instant case. The hospital was following the law and the order of the coroner. In performing the autopsy, the hospital did not do anything remotely resembling a willful and wanton act. There is no proof offered as to punitive damages, nor is there any reason in the record for punitive damages to be allowed in this case. If there is no inherent worth to the cadaver, there cannot be any inherent worth to parts of the cadaver. The hospital was merely following standard procedure in retaining part of the body for scientific analysis, a common practice for every pathological laboratory.

■■ This court recognizes the fact the brother and sister of the deceased did not give permission for the hospital to do an autopsy. Indeed, they did not want the autopsy to be performed. We sympathize with them and recognize the fact they have been through an extreme amount of anguish because of the autopsy on their sister. However, the

law requires, in a case such as this, where the cause of death is undetermined, an autopsy must be performed. Both the brother and sister of the deceased testified they could not tell from looking at the deceased in her coffin an autopsy had been performed. Their only knowledge of an autopsy came from an undertaker. Until the time of trial, they both testified they had no idea of what had been done to their sister, or the fact certain organs had been retained by the hospital for scientific analysis. This is common procedure to allow time for in-depth study of the cause of death and allows the deceased to be buried without lengthy delays. This autopsy was performed according to law, and the hospital and doctors had no choice but to follow the lawful order of the coroner.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.